REED ET AL. v. SHUM ET AL.

1. **Justice's Court:** JUDGMENT, THROUGH ERROR, IN EXCESS OF JURIS-
DICTION: JUDGMENT NOT VOID. Where a note provided that a justice
of the peace should have jurisdiction thereof to the extent of $300, and
also stipulated that the maker should "pay all expenses of collection,
including attorney's fees," and the note was filed with the justice, but
no petition was filed and no claim made for attorney's fees, and the jus-
tice issued an original notice claiming the amount due on the note "and
expenses of collection, including attorney's fees," and afterwards ren-
dered judgment upon default, not only for the amount due and costs,
but also for attorney's fees, whereby the total judgment, excluding the
ordinary costs, amounted to more than $300, *held* that the judgment for
attorney's fees was error, but that it did not defeat the jurisdiction, and
that the judgment was valid to the extent of $300 and the ordinary
costs.

*Appeal from Hamilton District Court.*

THURSDAY, APRIL 24.

THIS is an action in equity which involves the priority of
the lien of a judgment of the plaintiffs, and a judgment of
the intervenors, Lawrence & Dungan, upon certain real estate,
the legal title to which is in Mary Shum. The court below
found and decreed that the judgment of the plaintiffs was
the prior lien, and Lawrence & Dungan appeal.

*A. W. Garton* and *McNett & Tisdale*, for the appellants.

*Chase & Chase*, for the appellees.

ROTHROCK, CH. J.—It is conceded that the judgment of
plaintiffs is the prior lien, if it is a valid judgment. Appel-
lants claim that it is void, because the court which rendered
the same had no jurisdiction of the subject matter. The judg-
ment was rendered by a justice of the peace on a promissory
note for $273.10, dated April 28, 1880, with interest at ten
per cent per annum, and it was stipulated in the note that a
justice of the peace "may have jurisdiction herein to the

amount of $300." The note also stipulated that the maker should "pay all expenses of collection, including attorney's fees."

The plaintiffs filed the note with the justice on May 3, 1880. The record does not show that any petition was filed, and no claim was made, other than appeared from the face of the note. The justice of the peace issued an original notice, in which it was stated that the plaintiffs claimed the sum of $273.10, with interest at ten per cent from April 28, 1880, "and expense of collection, including attorney's fees." The defendant in the action made default, and the justice rendered a judgment for $274, together with twenty-seven dollars and forty cents attorney's fees, and the costs of the action, taxed at four dollars and fifty cents.

The amount of the debt and the attorney's fees exceed $300, and, because of this excess, the defendants claim that the judgment is void. We think it is very plain that the position of the appellants cannot be sustained. The plaintiffs did not demand a judgment in excess of $300. The note itself limited the judgment to that amount. It was a mere error in the justice in taxing the fees so as to make the aggregate exceed $300. On the face of the record before him the justice of the peace had jurisdiction, and, jurisdiction having attached, it could not be defeated or ousted by mere error. The plaintiffs offer to remit the excess, which amounts to one dollar and forty cents, and the judgment will be corrected to that extent, but without costs.

This disposition of the case renders it unnecessary that we should discuss the question presented by counsel as to whether attorney's fees are part of the costs.

AFFIRMED.